**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**WANDA LOVE,**
  **Individually and on behalf of other
  other similarly situated employees,**

    **Plaintiff,**[1]

v.                                                                   Case No. 3:08cv92/MCR/MD

**PHILLIPS OIL, INC., et. al.,**

    **Defendants.**
_____/

**O R D E R**

    This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.  On October 29, 2008, the court held an evidentiary hearing on Plaintiff Wanda Love's "Motion for Order Approving Class Notice and Requiring Defendants' Disclosure of Names and Addresses of Class Members." (Doc. 75).  The instant order memorializes the court's ruling granting this motion as well as addresses other matters discussed during the hearing. This includes consideration of the memoranda of law the parties submitted following the hearing on the issue of tolling the applicable statute of limitations.

    1.    Plaintiff's "Motion for Order Approving Class Notice and Requiring Defendants' Disclosure of Names and Addresses of Class Members" (doc. 75) is GRANTED, for the reasons explained by the court during the hearing and to the extent outlined below.  The collective action therefore is conditionally CERTIFIED.

    2.    Plaintiff's request to equitably toll the FLSA statute of limitations for ninety (90) days after notice of the collective action is sent and to allow any "opt-in" notices filed to relate back to March 4, 2008 (the date the initial complaint was filed) or, alternatively, to May 15, 2008 (the date the initial motion to certify was filed), on the ground of  undue delay in giving notice, is DENIED, as explained below.

---

[1] Kristen Robinson was also named as a plaintiff in the initial, first amended, and second amended complaints. (Respectively, doc. 1, filed March 4, 2008; doc. 31, filed May 7, 2008; and doc. 57, filed June 8, 2008).  By notice filed November 21, 2008, Ms. Robinson was voluntarily dismissed as a named plaintiff. Therefore the court has deleted her name from the style of the case and the attached collective action notice.

Actions brought pursuant to the FLSA must be commenced within two years of the time the cause of action accrues or, in the case of willful violations as alleged in this case, within three years. 29 U.S.C. § 255(a).  A cause of action under the FLSA for unpaid overtime accrues at the end of each pay period in which the employer fails to pay overtime to which the employee is entitled. *Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994).  If the plaintiff is a named party in the complaint, a FLSA action is deemed commenced upon the filing of the complaint; if the plaintiff is not named in the complaint, the action is deemed commenced upon the filing of a written consent to join the action. 29 U.S.C. § 256.  The Eleventh Circuit has observed that these two different deadlines are the result of Congress' "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

Equitable tolling is a "remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Its application may be warranted, however, if "extraordinary circumstances" exist "that are both beyond [the plaintiff's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  For example, equitable tolling may be appropriate in a case in which the defendant misleads the plaintiff into allowing the statute of limitations to lapse, the plaintiff has no reasonable way of discovering that he may have had a colorable claim during the statutory period, or the plaintiff files a technically defective pleading but otherwise timely and diligently prosecutes his claim. *Justice*, 6 F.3d at1479; *see also Browning v. AT & T Paradyne*, 120 F.3d 222, 227 (11th Cir. 1997). Equitable tolling is not generally permitted where "the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Veterans Administration*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

The Eleventh Circuit has yet to address the specific question at issue in this case of whether the FLSA's statute of limitations may be equitably tolled for claims of potential opt-in plaintiffs based on a delay in providing notice.  However, as noted in *In re Tyson Foods, Inc.*, 2008 WL 4613654 *(*M.D.Ga. 2008) (declining to equitably toll statute of limitations in FLSA action because plaintiffs had failed to show compelling equitable reason to permit claims to proceed, including a delay of over six years culminating in denial of motion to certify in related nationwide collective action), Eleventh Circuit case law applying

the Age Discrimination in Employment Act suggests that equitable tolling should not be applied unless the plaintiff has been reasonably induced to delay the filing of his claim. *See In re Tyson Foods, Inc.*, 2008 WL 4613654 (M.D.Ga. 2008), citing *Browning*, 120 F.3d at 227 (tolling statute of limitations because the Equal Employment Opportunity Commission failed to inform plaintiff of the right to sue and applicable time limits); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1268 (11th Cir. 2003) (tolling statute of limitations because plaintiff did not reasonably suspect that age discrimination was the reason her position had been eliminated until the position was reinstated and filled with a younger worker); and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1435-36 (11th Cir. 1998) (declining to toll the statute of limitations because plaintiff reasonably suspected he was a victim of age discrimination).

The plaintiff bears the burden of showing that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993). Here, plaintiff has failed to identify any extraordinary circumstances that might warrant equitably tolling the three-year statute of limitations that is applicable to willful violations of the FLSA. Indeed, there is no allegation or showing that circumstances exist that are beyond the potential opt-in plaintiffs' control and unavoidable despite the exercise of diligence that might prevent such plaintiffs from asserting their FLSA rights during the limitations period. Moreover, there is no evidence that any potential opt-in plaintiff has been—or might be—reasonably induced to delay the filing of his claim. In light of these considerations, as well as Congress' concern that opt-in plaintiffs should not be permitted to evade the statute of limitations by tolling the limitations period to the filing of the complaint, *see Grayson*, 79 F.3d at 1106, the court declines to apply the extraordinary remedy of equitable tolling.[2]

---

[2] Plaintiff asserts that if the court does not equitably toll the limitations period, many potential opt-in plaintiffs will be barred, "through no fault of their own, from receiving past wages due to the significant delay in receiving notice." (Doc. 127 at 4). The court disagrees.
    First, there has been no inordinate delay in this case warranting the application of equitable tolling, either involving the court's conduct or the parties'. Plaintiff filed her complaint on March 4, 2008, her second amended complaint on June 8, 2008, and her renewed motion to certify on June 30, 2008; the hearing on the motion to certify was conducted October 29, 2008, a date selected by the parties. Thus the time elapsed in this case from the filing of the initial complaint to this date is approximately nine months. *See*, e.g., *Pendlebury v. Starbucks Coffee Co.*, 2008 WL 700174, *4 (S.D. Fla. 2008) (rejecting plaintiffs' arguments that statute of limitations in FLSA action should be equitably tolled because court took six months to rule on motion to issue notice and four months to approve the notice to potential class members and that defendant caused further delay by challenging plaintiffs' motions); *In re Tyson Foods, Inc.*, 2008 WL 4613654 (M.D. Ga. 2008) (declining to equitably toll claims in case involving delay of more than six years). Moreover, and more importantly, there is no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period. Ignorance of the law, here the possibility of asserting a claim for relief, "usually is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 970 (11th Cir.1997). Equitable tolling is inappropriate

Case No. 3:08cv92/MCR/MD

      3.     Notice of the collective action may be given in accordance with the following instructions:

          a.     During the pendency of this litigation or until otherwise directed by the court, defendants shall post the notice attached to this order (identified as Attachment 1) in each of the convenience stores they have operated during the period from March 4, 2005, until the present. The notice shall be posted only in non-public areas, *i.e.*, those such as breakrooms, private work areas, etc., that are intended primarily for employees' use.

          b.     Plaintiff must file consents, if any, from persons who desire to opt-in to the FLSA collective action within ninety (90) days from the date of the notice, or March 10, 2009.

          c.     After initially giving notice to potential members of the collective action plaintiff may, if she wishes, contact each such potential member once by telephone solely for the purpose of confirming that the individual has received the notice. If the individual states he has received the notice, the conversation shall immediately be concluded. If the individual states he has not received the notice, plaintiff may inquire as to whether the individual would like to receive the notice and, if so, obtain his current address. Absolutely no recruitment or further contact is permitted.

      4.     The court shall enter separately a scheduling order directing, among other matters, a discovery period of six months on the issue of whether the opt-in plaintiffs are "similarly situated."

**DONE AND ORDERED** this 9th day of December, 2008.

                        *s/ M. Casey Rodgers*
                        **M. CASEY RODGERS**
                        **UNITED STATES DISTRICT JUDGE**

---

under such circumstances, absent a showing that the plaintiffs could not have known about or asserted their rights even with diligence. No such showing has been made here. *See Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1291, 1301 (M.D.Fla. 2000) (stating that "plaintiffs are expected to act with due diligence, regardless of whether they have been recruited."). As a final matter, the court notes that the case law cited by plaintiff in support of her arguments for equitable tolling is largely taken from other circuit courts or district courts in other circuits and/or is not of recent vintage. This court is persuaded that, relying on Eleventh Circuit authority and reviewing district court opinions within the Eleventh Circuit interpreting that authority, it should not apply equitable tolling in this case.

Case No. 3:08cv92/MCR/MD