IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA LOVE and KRISTEN ROBINSON,
individually, and on behalf of other
similarly situated employees
        Plaintiff,

vs.                                     No. 3:08cv92/MCR/MD

PHILLIPS OIL, INC.,
d/b/a FILLUPS FOOD STORES, et. al.
        Defendant.

_____

## SUPPLEMENTAL ORDER

This matter is before the court on defendants' Motion to Compel (doc. 236). Defendants contend that numerous opt-in plaintiffs have not responded to written discovery. Plaintiffs have responded (doc. 238) and defendants have replied with leave of the court (doc. 240). A hearing was held on July 9, 2009. The court entered an order granting the motion in part (doc. 258). This supplemental order explains the court's reasoning.

This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). On December 9, 2008 the district judge ordered that discovery "on the limited issue of whether the opt-in plaintiff 's are 'similarly situated'" be completed (as extended) by July 8, 2009 (docs. 147, 176, 229). Defendants have moved to compel various opt-in plaintiffs to respond to written interrogatories. Defendants contend that only a few of the interrogatory forms have been completed by opt-in plaintiffs, and that some are unsworn. At a hearing on July 9 the court was told that more sworn answers have been received, but not all. After consideration,

the court ordered that opt-in plaintiffs who had not answered the interrogatories would be required to answer questions 1, 10 and 11 no later than Friday, July 17, 2009.

Plaintiffs' counsel contends that he has done his best to have the opt-in plaintiffs respond but that for reasons of distance, communication and other factors he has not been entirely successful. Defendants' counsel contends that the answers to the interrogatories are critical to address the 'similarly situated' issue, and that they will be prejudiced without proper responses. After a careful review of the parties' pleadings and the interrogatories, the undersigned ordered that only certain of them needed to be ordered.

Plaintiffs and opt-in plaintiffs were all assistant managers at convenience stores owned and operated by defendants. In their written interrogatories defendants ask a total of 10 questions (No. 3 was withdrawn). Seven of the questions are irrelevant to the issue of whether the party is "similarly situated." Nos. 6 through 9 ask about where and when the answering party worked for the defendants, under which manager, what positions they held, and similar matters pertaining to the basic facts of employment. Defendants have not explained why they cannot answer these questions from their own records, which the Act mandates that they keep. The undersigned sees no reason why the burden should be shifted to the plaintiffs to provide that information. Question Nos. 4 through 6 ask about criminal history, whether the party has talked to anyone else and whether they have ever been involved in litigation. Those questions bear no relevance to the question of whether the employees were similarly situated.

That leaves three. Question No. 1 asks each opt-in plaintiff to state his or her name and address and is obviously relevant. No. 10 asks for an estimate of the number of hours worked for defendants, and No. 11 asks "Please identify in detail your job responsibilities as an Assistant Manager separately for each store where you worked. If the job responsibilities changed at any time, please identify the date(s) and reasons for the change." No. 1 is obviously relevant. No. 10 is

marginally relevant, because although it goes mostly to damages, the number of hours worked among the various assistant managers may have been so different as to bear on the question of whether they were similarly situated. No. 11 goes to the heart of the issue by asking about job duties. That question is clearly relevant and must be answered.

At the hearing defense counsel asserted that of the answers received to date, all were essentially identical, stating generally that the party worked the cash register, swept, stocked shelves, placed orders, did paperwork, made deposits and the like. The context of counsel's assertion is not clear other than to cast doubt on the accuracy of the answers. However, Question No. 11 was completely open ended. To describe a job "in detail" invites a vast range of responses, depending on how much detail *the answering party* thinks is appropriate. Defendants have at no time asked the court to order that more detail be provided, so the undersigned is at a loss to address the content of the answers.

Accordingly, this Supplemental Order is incorporated into and made a part of the court's order of July 9, 2009 (doc. 258). Sanctions will not be assessed at this time.

DONE AND ORDERED at Pensacola, Florida this 22nd day of July, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE