IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA LOVE and KRISTEN ROBINSON,
individually, and on behalf of other
similarly situated employees,

    Plaintiffs,

vs.                                        Case No: 3:08CV92/MCR/MD

PHILLIPS OIL, INC.,
d/b/a FILLUPS FOOD STORES;
FILL-UPS FOOD STORES, INC.;
FILL-UPS FOOD STORES II, INC.;
FILL-UPS FOOD STORES III, INC.;
DEBORA PHILLIPS and
RYAN E. PHILLIPS,

    Defendants.
_____/

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS,** the parties to this action believe that certain information that is or will be encompassed by the discovery in this case constitutes proprietary, personal, or other confidential or commercial information within the meaning of Fed. R. Civ. P. 26(c); and

**WHEREAS,** the parties believe it would serve their interest to conduct discovery and promote settlement efforts by sharing information concerning the Defendants' financial condition under a protective order pursuant to Fed. R. Civ. P. 26(c);

**THEREFORE,** it is hereby stipulated, subject to the approval of the Court, as follows:

1. The term "Confidential Information" means any information, document or thing so designated by any party to this litigation or information revealed in an interrogatory answer or an admission.

2. The parties shall designate as "Confidential Information" only information which is proprietary, or has previously been maintained as sensitive, non-public business, and/or personal information.

3. Written information or documents, or any portion thereof, shall be designated as "Confidential Information" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

4. Interrogatory responses containing "Confidential Information" shall be set forth on separate pages from interrogatory responses which do not contain such information.

5. Documents produced, filed or served and designated "Confidential Information" shall be so marked by such party prior to or at the time they are produced, filed, or served.

6. Documents designated as "Confidential Information" that are used as exhibits in a deposition, shall continue to be treated as "Confidential Information" and subject to the provisions of this Stipulation and Order. Testimony at a deposition that discloses the contents of any document that has been designated as "Confidential Information" also shall be treated as "Confidential Information" and subject to the provisions of this Stipulation and Order. Such testimony may be designated as "Confidential Information" by a statement on the record that the testimony, or part of the testimony, is "Confidential Information."

7. Documents and/or information designated as "Confidential Information" shall be used only for purposes of this litigation and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

    A. the parties' attorneys;

    B. the Court and court personnel in the manner provided in paragraphs 12 and 13 below;

    C. any other person as to whom the designating party agrees in writing;

    D. persons employed by or affiliated with the producing party; and

    E. court reporters employed in connection with this action.

8. Except as set forth in paragraph 8 above, only counsel of record in this action may authorize the access to or disclosure of any documents or information designated as "Confidential Information" to any person authorized to have access to such information pursuant to this Stipulation and Order.

9. To the extent documents contain or embody in any form any information designated as "Confidential Information," they shall be so treated by the parties. This obligation extends to, but is not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential Information" are disclosed pursuant to this Stipulation and Order.

10. To the extent any "Confidential Information" is produced or disclosed without being designated as such, that disclosure is inadvertent. Upon the request of any party for proper designation of an improperly designated or un-designated document, all copies of the document shall be marked with the proper designation. It shall not be a violation of this Order to have disclosed or treated information as it was originally designated prior to any later request for proper designation.

11. "Confidential Information" and/or documents filed with the Court shall be filed in sealed envelopes or containers affixed to which is a copy of this Order and the statement:

<u>CONFIDENTIAL</u>

This envelope (or container) contains documents, materials, or other things that are impounded until further order of the Court. The contents of this envelope (or container) shall not be displayed or revealed except by Order of the Court.

12. Nothing in this Order shall prohibit the use of, or reference to, any "Confidential Information" documents and/or information in Court, in Court filings, or at trial; provided, however, that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure.

13. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to the parties in this case and, in the course thereof, relying generally on their examination of "Confidential Information;" provided.

14. No party concedes that any document or information designated "Confidential Information" by any other person or party does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential Information."

15. A party shall not be obligated to challenge the propriety of the designation of documents

4

or information as "Confidential Information" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

16.     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential Information" shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

17.     Any party may agree in writing, that any information it designated as "Confidential Information," may be treated in a way different from that described in this Order. Any party may move for a ruling that a document or category of documents designated as "Confidential Information" is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who designated the document or category of documents as "Confidential Information" shall bear the burden of showing that the designation is warranted.

18.     In the event that any person or party who has received information and/or documents designated as Confidential Information shall be called upon to disclose any such information and/or documents by subpoena or other court order, that person or party shall, before producing the material, give all other parties to this Stipulation and Order, and, if applicable, the producing witness, ten (10) days' written notice of his, her, or its intention to produce the material, unless the subpoena requires compliance within a shorter time period, in which case notice shall be given as soon as practicable, but in any event, before disclosure is made, to provide an opportunity to seek an appropriate order opposing disclosure or requiring disclosure to be made under seal. If a protective order cannot be obtained and a party is compelled by a court order to disclose Confidential Information,

that party may disclose only such portion of the information that is required to be disclosed.

19.     Within sixty (60) days after the conclusion of this litigation, including all appeals, any "Confidential Information," including copies and originals (except documents in the files of the Court, and except for documents retained in counsels' files, which will continue to be subject to the provisions of this Order, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "Confidential Information," be certified destroyed or returned to the designating party at the designating party's expense.

20.     Nothing in this Order shall prevent any party from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from reaching agreement with the other party to amend this Order in writing, subject to the approval of the Court.

21.     This Order has no effect upon, and its scope does not extend to:

    A.     any producing party's use of its own "Confidential Information;"

    B.     any information which is, was, or becomes public not in violation of this Order;

provided, however, that during any dispute about the public status of documents or information physically provided in discovery in this action, such documents or information shall be treated as designated by the producing party until the parties otherwise agree or the Court otherwise orders the use by a person of information legitimately obtained outside of discovery in this proceeding.

| | |
|---|---|
| s/ Jeremiah J. Talbott | s/ Jeremy C. Branning |
| JEREMIAH J. TALBOTT | DOUGLAS C. MILLER |
| Florida Bar No.: 0154784 | Florida Bar No.: 372919 |
| jj@talbottlawfirm.com | dmiller@cphlaw.com |
| 309 West Gregory Street | JEREMY C. BRANNING |
| Pensacola, FL 32502 | Florida Bar No.: 0507016 |
| Tel: 850-437-960 | jbranning@cphlaw.com |
| Fax: 850-437-0906 | Clark, Partington, Hart, Larry, |
| Attorney for Plaintiffs | Bond & Stackhouse |
| | P.O. Box 13010 |
| | Pensacola, FL 32591-3010 |
| | Tel: 850-434-9200 |
| | Fax: 850-432-7340 |
| | Attorneys for Defendants |

**APPROVED AND ORDERED** in Chambers, at Pensacola, Florida, this \_\_6th\_\_ day of May, 2010.

HONORABLE M. CASEY RODGERS
United States District Court
Northern District of Florida

Copies Furnished:
Jeremiah J. Talbott, Esq.
James B. Zouras, Esq.
Douglas F. Miller, Esq.
Jeremy C. Branning, Esq.