IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA LOVE individually,
and on behalf of other
similarly situated employees,

   Plaintiffs,

vs.                                        Case No: 3:08CV92/MCR/MD

**COLLECTIVE ACTION**

**d/b/a FILLUPS FOOD STORES;**
**FILL-UPS FOOD STORES, INC.;**
**FILL-UPS FOOD STORES II, INC.;**
**FILL-UPS FOOD STORES III, INC.;**
**DEBORA PHILLIPS and**
**RYAN E. PHILLIPS,**

   Defendants.

_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT, ATTORNEYS FEES AND COST AND STIPULATION FOR VOLUNTARY DISMISSAL CLAIMS PREJUDICE.

Plaintiff, Wanda Love ("Plaintiff") and Defendants, Phillips Oil Inc, Fill Ups Food Stores, Inc., Fill Ups Food Stores II, Inc., Fill Ups Food Stores III., Inc., Debora Phillips, and Ryan Phillips (hereinafter referred to collectively as "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement, Attorneys' Fees and Cost, and Voluntary Dismissal of Claims With Prejudice and state as follows:

### I. STATEMENT OF FACTS

1.      On or about March 4, 2008, Plaintiff filed the above referenced civil action in the United States District for the Northern District of Florida. The complaint was

amended several times to add additional parties.  The Second Amended Complaint was dated June 8, 2008 [Doc. 57].

2.  Plaintiff's Second Amendment Complaint alleges that the Defendants violated the Fair Labor Standards Act of 1938, 28 U.S.C. SEC. 201, et seq. (the "FLSA") by misclassifying their Assistant Store Managers assigned to work at convenience stores as "salaried  exempt" employees for overtime purposes and by failing to pay overtime.  This claim was brought as a collective action.  Following the Court's Order Granting Motion to Certify Class dated December 9, 2008 [Doc. 147], notice was sent to the Defendants' current and former Assistant Store Managers who worked in the Defendants' convenience stores within the applicable limitations period.  The convenience stores were operated under the name "Fill Ups Food Stores." Approximately 52 current and/or former Assistant Store Managers of the Defendants opted into this lawsuit.

3.  The Plaintiffs were all Assistant Store Managers assigned to work at convenience stores operated as Fill Ups Food Stores throughout the Panhandle of Florida at various food stores including stores from Pensacola, Florida to Tallahassee, Florida. All the Assistant Managers were classified as salaried exempt employees until October 2007 when the Assistant Store Manager position was changed to be an hourly position.   Before October 2007, the Assistant Store Manager position wasscheduled to work 48 hours per week.  The Assistant Store Managers were not paid additional wages for additional hours they worked over 48 hours. The Plaintiffs contend that the Defendants were owed overtime for each and every hour over 40 hours for any work week and additional overtime compensation for hours over 48

hours a week. The Defendants dispute Plaintiffs' assertions of liability and damages and deny liability.

4.      The Defendants took the deposition of the class representative, Wanda Love, and approximately eight (8) "opt-in" Plaintiffs. The Defendants also served Interrogatories and Request for Production of Documents on all the "opt in" Plaintiffs; approximately twenty-five (25) of the opt-in plaintiffs responded.

5.      Following a period of limited discovery, the parties attended mediation on two separate occasions. However, despite the mediations, the parties were unable to resolve this case and the parties began to prepare this case for a trial. However, before the discovery cutoff, the parties engaged in additional negotiations to resolve the instant action, and as a result of such negotiations, the parties reached an agreement to settle this case.

6.      Unfortunately, it was difficult to determine the exact number of hours that the Plaintiffs worked because there were insufficient time records. However, as noted above, the Assistant Store Managers were scheduled to work 48 hours per week.

7.      The parties have entered into a settlement agreement whereby the Defendants will pay, over a period of four (4) years, a total of $450,000 to resolve all claims, including attorney fees and costs. A copy of the settlement agreement is attached as Exhibit "A". Pursuant to the Settlement Agreement, within five days from the date of the Order granting this Motion and approving this settlement, the Defendants will pay $300,000.00, which will be divided pro rata amongst each of the plaintiffs and their attorneys. The balance of the settlement payments will be payable at the rate of $50,000.00 per year. See Exhibit "A".

8.          In calculating the amount owed to the Plaintiffs, because of the incomplete records

outlining the number of hours worked by each party, the Plaintiffs agreed to accept

unpaid wages, including liquidated damages, based on the assumption that the

employees worked 51 hours per week as calculated by Plaintiffs' counsel.

Specifically, because the Plaintiffs were already paid based on a 48-hour work week,

the Assistant Store Managers were owed half time for hours up to 48 hours, to wit: 8

hours paid at a half time rate.    Additionally, the Plaintiffs agreed to accept an

additional three (3) hours of overtime wages at the rate of one and one-half times the

regular rate of pay. The amount of unpaid wages was then multiplied by the number

of weeks that each opt-in plaintiff worked as an Assistant Store Manager for the

Defendants, within the applicable limitations period, plus an equal amount of

liquidated damages. The amount paid to each opt-in Plaintiff is outlined in Exhibit A

to the Settlement Agreement.

9.          After calculating the amount of unpaid wages due to each opt-in plaintiff, plus an

equal amount of liquidated damages, the total amount to be paid to the class is

$152,948.79, which would be a full recovery owed to the Plaintiffs.

10.         The Plaintiffs have been represented by Jeremiah J. Talbott at the law firm of

Jeremiah J. Talbott PA, and Ryan Stephan and James Zouras at the law firm of

Stephan Zouras, LLP. As a result of this litigation, the plaintiffs have incurred over

1100 hours of attorney time in the prosecution of this case. The plaintiffs would be

entitled to an attorney fee payable from the Defendants, including costs, for the

prosecution of the claim.   The attorney fees are included in the total settlement

$450,000.00.   Based on the amount of time spent, the parties agree that a total

attorney fee of $ 279,300.00 is owed to the Plaintiffs attorneys for their work in this case and is reasonable and fair.

11.     Additionally, the Plaintiffs incurred costs of $18,201.21, which includes the representative fee of $3,500 to be paid to the representative plaintiff, Wanda Love. The parties agree that the cost reimbursement and representative's fee is reasonable and fair.

12.     The parties agreed that the settlement is a fair and reasonable resolution of the claims made by the plaintiffs. By entering into this Settlement Agreement, Defendants make no admission of liability and expressly deny same.

13.     In accordance with the applicable requirement for settling an FLSA claim, the parties hereby seek the court's approval for the settlement reached in this matter.

14.     The parties respectfully request that upon the Court's approval of the settlement agreement, the Court dismiss the instant matter, with prejudice, with each party to bear its own cost and attorney fees other than as set out in this Motion and in the Settlement Agreement. The Plaintiffs' attorney fees and cost will be paid out of the total settlement of $450,000, as outlined in Exhibit "A".

15.     A proposed order approving the settlement agreement in dismissing the case with prejudice is attached hereto.

## II.    ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); see also Lynn's Food Stores, Inc. v.

United States, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id.

The Parties dispute whether any liability exists in the instant action. Nonetheless, they have agreed to settle the claims made in this dispute through the execution of a Settlement Agreement. The Parties represent that, in accordance with the terms of the Settlement Agreement, Plaintiffs are receiving a reasonable and satisfactory recovery of an agreed upon sum, plus liquidated damages and payment of an agreed upon amount of attorneys' fees and costs.

The Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter. Thus, the Parties respectfully request that the Court review and approve the settlement and issue an Order dismissing this action with prejudice as to Plaintiff, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties.

WHEREFORE, Plaintiff, Wanda Love and Defendants, Phillips Oil Inc, Fill Ups Food Stores , Inc., Fill Ups Food Stores II, Inc., Fill Ups Food Stores III., Inc., Debora Phillips, and Ryan Phillips, request the Court to approve this Joint Motion for Court Approval of Settlement Agreement, Attorneys' Fees and Cost, and Voluntary Dismissal of Claims With Prejudice.

Dated this 9th day of November, 2010.

_/s/ Jeremy C. Branning_
JEREMY C. BRANNING
Florida Bar Number: 0507016
jbranning@cphlaw.com
DOUGLAS F. MILLER
Florida Bar Number: 372919
dmiller@cphlaw.com
Clark, Partington, Hart, Larry,
Bond & Stackhouse
P.O. Box 13010
Pensacola, FL 32591-3010
Phone: (850) 434-9200
Fax: (850) 432-7340
*Attorneys for Defendants, Phillips Oil,
Inc.,Fill Ups Food Stores, Inc., and Fill
Ups Food Stores II, Inc.*

_/s/ Brian Rich_
BRIAN RICH
BERGER SINGERMAN
E-mail: BRich@bergersingerman.com
125 South Gadsden Street
Suite 300
Tallahassee, FL 32301
Phone: (850) 561-3010
Fax: (850) 561-3013
*Attorneys for Defendants, Deborah
Phillips and Ryan E. Phillips; Fill Ups
Food Stores III, Inc.*

_/s/ Jeremiah J. Talbott_
JEREMIAH J. TALBOTT
Florida Bar Number: 0154784
jj@talbottlawfirm.com
345 E. Intendencia Street
Pensacola, FL 32502
Phone: (850) 437-9600
Fax: (850) 437-0906
*Attorneys for Plaintiffs
WANDA LOVE, and
KRISTEN ROBNISON, individually,
and on Behalf of other similarly
situated employees*

_/s/ James B. Zouras_
STEPHAN ZOURAS, LLP
jzouras@stephanzouras.com
205 N. Michigan Ave. #2560
Chicago, IL 60601
Phone: (312) 233-1500
Fax:  (312) 233-1560
*Attorneys for Plaintiffs
WANDA LOVE, and
KRISTEN ROBNISON, individually,
and on Behalf of other similarly
situated employees*

**ATTACHMENT B**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**WANDA LOVE and KRISTEN ROBINSON,**
**individually, and on behalf of other**
**similarly situated employees,**

       **Plaintiffs,**

**vs.**                     **Case No:  3:08CV92/MCR/MD**

**PHILLIPS OIL, INC.,**
**d/b/a FILLUPS FOOD STORES;**
**FILL-UPS FOOD STORES, INC.;**
**FILL-UPS FOOD STORES II, INC.;**
**FILL-UPS FOOD STORES III, INC.;**
**DEBORA PHILLIPS and**
**RYAN E. PHILLIPS,**

       **Defendants.**

_____/

## ORDER OF DISMISSAL WITH PREJUDICE

After a review of the Settlement Agreement and Mutual Release, the Court determines that the terms of the settlement of this litigation are fair and reasonable, including the amounts paid to the Named Plaintiff and Opt In Plaintiffs as well as the fees and costs paid to Plaintiffs' Attorneys. Accordingly, the Court approves the settlement and hereby DISMISSES WITH PREJUDICE any and all claims that were raised in the above-styled lawsuit by the Named Plaintiffs and Opt In-Plaintiffs.

SO ORDERED this _____ day of _____, 2010.


                                _____
                                UNITED STATES DISTRICT JUDGE

Exhibit "A"

| Name | SETTLEMENT Payment TOTAL | Year One | Year 2 | Year 3 |
|------|-----------|----------|--------|--------|
| Armes, Carol* | | 0.0000% | | |
| Dickens, Cindy* | 1,933.75 | $1,262.00 | $223.92 | $223.92 |
| Charles, Delonda | 2,521.46 | $1,645.54 | $291.97 | $291.97 |
| Clasby, Shirley | 4,777.50 | $3,117.87 | $553.21 | $553.21 |
| Daymon, Heather* VERIFY | 796.32 | $519.69 | $92.21 | $92.21 |
| Jackson, Jennifer * | 928.96 | $606.25 | $107.57 | $107.57 |
| Mohr, Kristy * | 530.83 | $346.43 | $61.47 | $61.47 |
| Rassmussen, Vanessa * | 1,061.67 | $692.86 | $122.94 | $122.94 |
| Rocheblave, Alice * | 530.83 | $346.43 | $61.47 | $61.47 |
| Smith, Sarah * | 3,185.00 | $2,078.58 | $368.81 | $368.81 |
| Steinbarger, Northa Kay | 17,517.50 | $11,432.20 | $2,028.43 | $2,028.43 |
| Carter, Larry* | 3,185.00 | $2,078.58 | $368.81 | $368.81 |
| Bertsinger, Beverly | 6,956.25 | $4,539.76 | $805.50 | $805.50 |
| Robinson, Darrell * | 928.96 | $606.25 | $107.57 | $107.57 |
| Smith, Diana * | 1,725.21 | $1,125.90 | $199.77 | $199.77 |
| Duboise, Victor* | 530.83 | $346.43 | $61.47 | $61.47 |
| Love, Wanda * | 1,459.79 | $952.68 | $169.04 | $169.04 |
| Johnson, James * | 265.42 | $173.22 | $30.73 | $30.73 |
| Johnson, J | 3,715.83 | $2,425.01 | $430.27 | $430.27 |
| Johnson, J | 2,493.75 | $1,627.46 | $288.76 | $288.76 |
| Scism, Kenneth* | 1,459.79 | $952.68 | $169.04 | $169.04 |
| Knight, Loretta * | 3,185.00 | $2,078.58 | $368.81 | $368.81 |
| McDaniel, Nicole* | 3,052.29 | $1,991.97 | $353.44 | $353.44 |
| Moore, Cindy* | 8,095.21 | $5,283.06 | $937.38 | $937.38 |
| Elswick, John | 2,654.17 | $1,732.15 | $307.34 | $307.34 |
| Gentry, Mark | 530.83 | $346.43 | $61.47 | $61.47 |
| Lee, Marcia | 1,061.67 | $692.86 | $122.94 | $122.94 |
| Lee, M | 1,166.67 | $761.39 | $135.09 | $135.09 |
| Kerns, Kim | 1,725.21 | $1,125.90 | $199.77 | $199.77 |
| Moyers, Rebecca* | 1,194.38 | $779.47 | $138.30 | $138.30 |
| Taunton, L * | 2,654.17 | $1,732.15 | $307.34 | $307.34 |
| Taylor, Jennifer * | 1,990.63 | $1,299.11 | $230.50 | $230.50 |
| Taylor, Jennifer * | 8,626.04 | $5,629.49 | $998.85 | $998.85 |
| Schiller, Traci * | 466.67 | $304.55 | $54.04 | $54.04 |
| Schiller, T * | 1,312.50 | $856.56 | $151.98 | $151.98 |
| Schiller, T * | 1,061.67 | $692.86 | $122.94 | $122.94 |
| Boggs, Betty* | 2,362.50 | $1,541.81 | $273.56 | $273.56 |
| Kendrick, William | 2,388.75 | $1,558.94 | $276.60 | $276.60 |
| Price-Eichorn, Tammy * | 1,857.92 | $1,212.51 | $215.14 | $215.14 |
| Rogers, Courtney | 12,705.00 | $8,291.49 | $1,471.17 | $1,471.17 |

| | | | | |
|---|---|---|---|---|
| Rousseau, Tammy * | 0.00 | $0.00 | $0.00 | $0.00 |
| Nixon, Jennifer | 0.00 | $0.00 | $0.00 | $0.00 |
| Stringer, Melody * | 2,786.88 | $1,818.76 | $322.71 | $322.71 |
| Schneider, Carolyn * | 2,786.88 | $1,818.76 | $322.71 | $322.71 |
| Sellinger, Shari * | 530.83 | $346.43 | $61.47 | $61.47 |
| Beverly-Luciano, P * | 398.13 | $259.82 | $46.10 | $46.10 |
| Smith, Ranay* | 1,327.08 | $866.08 | $153.67 | $153.67 |
| Scroggins, Candice | 3,715.83 | $2,425.01 | $430.27 | $430.27 |
| Scroggins, Candice | 1,327.08 | $866.08 | $153.67 | $153.67 |
| Scroggins, C | 265.42 | $173.22 | $30.73 | $30.73 |
| Willingham, Mitzi | 1,990.63 | $1,299.11 | $230.50 | $230.50 |
| Willingham, M | 1,194.38 | $779.47 | $138.30 | $138.30 |
| Peden, Gary | 6,768.13 | $4,416.99 | $783.71 | $783.71 |
| Hinote, Stephanie* | 1,990.80 | $1,299.23 | $230.52 | $230.52 |
| Edenfield, Ruby* | 2,919.58 | $1,905.37 | $338.07 | $338.07 |
| Perkins, Billie Joe | 3,450.42 | $2,251.80 | $399.54 | $399.54 |
| | 3,185.00 | $2,078.58 | $368.81 | $368.81 |
| | 3,715.83 | $2,425.01 | $430.27 | $430.27 |
| | | $0.00 | $0.00 | $0.00 |
| JJT -Atty Fee | $223,080.00 | $145,585.57 | $25,831.48 | $25,831.48 |
| JZ -Atty Fee | $55,770.00 | $36,396.39 | $6,457.87 | $6,457.87 |
| | $431,798.79 | $281,798.79 | 50,000.00 | 50,000.00 |

| | | | | |
|---|---|---|---|---|
| | 431,798.79 | $281,798.79 | 50000 | 50000 |

| | | | |
|---|---|---|---|
| Total to be distributed first year after cost | | | $281,798.79 |
| COST and Rep Fee | | | $18,201.21 |
| TOTAL NUMBER OF WEEKS | | = | $1,153.00 |
| Avg per week w/o liquidated damages | | = | $0.00 |
| Total Settlement w/o Liq damages | | = | $0.00 |
| Proposes Net to Class | | = | $152,948.79 |
| Avg per week based on proposed net to class | | | $132.65 |
| Net Settlement After cost and Rep Fee | | = | $431,798.79 |

**Year 4**      Recap

| | |
|---|---|
| $223.92 | $1,933.75 |
| $291.97 | $2,521.46 |
| $553.21 | $4,777.50 |
| $92.21 | $796.32 |
| $107.57 | $928.96 |
| $61.47 | $530.83 |
| $122.94 | $1,061.67 |
| $61.47 | $530.83 |
| $368.81 | $3,185.00 |
| $2,028.43 | $17,517.50 |
| $368.81 | $3,185.00 |
| $805.50 | $6,956.25 |
| $107.57 | $928.96 |
| $199.77 | $1,725.21 |
| $61.47 | $530.83 |
| $169.04 | $1,459.79 |
| $30.73 | $265.42 |
| $430.27 | $3,715.83 |
| $288.76 | $2,493.75 |
| $169.04 | $1,459.79 |
| $368.81 | $3,185.00 |
| $353.44 | $3,052.29 |
| $937.38 | $8,095.21 |
| $307.34 | $2,654.17 |
| $61.47 | $530.83 |
| $122.94 | $1,061.67 |
| $135.09 | $1,166.67 |
| $199.77 | $1,725.21 |
| $138.30 | $1,194.38 |
| $307.34 | $2,654.17 |
| $230.50 | $1,990.63 |
| $998.85 | $8,626.04 |
| $54.04 | $466.67 |
| $151.98 | $1,312.50 |
| $122.94 | $1,061.67 |
| $273.56 | $2,362.50 |
| $276.60 | $2,388.75 |
| $215.14 | $1,857.92 |
| $1,471.17 | $12,705.00 |

| | |
|---|---|
| $0.00 | $0.00 |
| $0.00 | $0.00 |
| $322.71 | $2,786.88 |
| $322.71 | $2,786.88 |
| $61.47 | $530.83 |
| $46.10 | $398.13 |
| $153.67 | $1,327.08 |
| $430.27 | $3,715.83 |
| $153.67 | $1,327.08 |
| $30.73 | $265.42 |
| $230.50 | $1,990.63 |
| $138.30 | $1,194.38 |
| $783.71 | $6,768.13 |
| $230.52 | $1,990.80 |
| $338.07 | $2,919.58 |
| $399.54 | $3,450.42 |
| $368.81 | $3,185.00 |
| $430.27 | $3,715.83 |
| $0.00 | $0.00 |
| $25,831.48 | $223,080.00 |
| $6,457.87 | $55,770.00 |
| 50,000.00 | $431,798.79 |

50000      431798.79

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT and RELEASE ("Agreement") is made and entered into by WANDA LOVE ("Named Plaintiff") on behalf of herself and all Opt-in Plaintiffs to the Lawsuit (as defined below), more specifically identified as follows: Cindy Dickens, Delonda Charles, Shirley Clasby, Heather Daymon, Jennifer Jackson, Kristy Mohr, Vanessa Rassmussen, Alice Rocheblave, Sarah Smith, Northa Kay Steinbarger, Larry Carter, Beverly Bertsinger, Darrell Robinson, Diana Smith, Victor Duboise, James Johnson, Kenneth Scism, Loretta Knight, Nicole McDaniel, Cindy Moore, John Elswick, Mark Gentry, Marcia Lee, Kim Kerns, Rebecca Moyers, L. Taunton, Jennifer Taylor, Traci Schiller, Betty Boggs, William Kendrick, Tammy Price-Eichorn, Ciurtney Rogers, Tammy Rousseau, Jannifer Nixon, Melody Stringer, Carolyn Schneider, Shari Sellinger, Beverly-Luciano, Ranay Smith, Candice Scroggins, Mitzi Willingham, Gary Peden, Stephanie Hinote, Ruby Edenfield and Bille Joe Perkins (collectively "Plaintiffs"), on the one hand, and PHILLIPS OIL, INC., d/b/a FILLUPS FOOD STORES; FILL-UPS FOOD STORES, INC.; FILL-UPS FOOD STORES II, INC.; FILL-UPS FOOD STORES III, INC.; DEBORA PHILLIPS and RYAN E. PHILLIPS (collectively "Defendants"), on the other.

WHEREAS, on March 4, 2008 in a case styled *Love, et al. v. Phillips Oil, Inc., et al,* Civil Action No. 3:08CV92/MCR/MD, United States District Court for the Northern District of Florida, Named Plaintiff sued certain parties under the Fair Labor Standards Act of 1938, as amended ("FLSA"), for the alleged failure to pay certain wages. On May 7, 2008, Named Plaintiff filed an amended complaint in the above-captioned matter naming Defendants as set forth above (the "Lawsuit")

WHEREAS, following the Court's granting of conditional certification of a collective action, and the approval of notice in connection therewith, a total of forty-seven (47) individuals including the Named Plaintiff had valid opt-in consent forms on file with the Court;

WHEREAS, as of the date of this Agreement, Plaintiffs' Attorneys have incurred attorneys' fees and costs in the investigation, prosecution and settlement of the Lawsuit; and

WHEREAS, the parties desire to settle fully and finally all differences between them.

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Consideration to Plaintiffs. In connection with this Settlement, the Payments to be made by Defendants set forth in Paragraph 3 shall be allocated among the Plaintiffs based on the attached Exhibit A, which includes a $3,500.00 class representative fee to the named Plaintiff.

(a) Tax Treatment of Gross Payment Amounts. All payments will be issued and reported as 1099 payments, and shall be paid without deductions for applicable taxes and withholdings. It shall be each Plaintiffs' sole responsibility to pay any and all of their share of taxes owed as a result of such payments to the relevant authority ("Taxing

Authority") . In the event that it is subsequently determined by any Taxing Authority that any Plaintiff owes any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests exclusively with Plaintiffs and that Defendants will not be responsible for the payment of such taxes, including any interest and penalties.

(b) Information Reporting Issues for Payments to Plaintiffs. If Defendants determine in good faith in the exercise of Defendants' sole business judgment that, with respect to any payment made under this Agreement, Defendants are required to file any information with any Taxing Authority, other than as described in Paragraphs 1(a) and 2, then Defendants may do so. It is understood and agreed between and among the parties, however, that Plaintiffs and Plaintiffs' Attorneys have no responsibility for or involvement in any such independent business judgment. Defendants also acknowledge that Plaintiffs and Plaintiffs' Attorneys maintain and reserve any right they may have to dispute with any Taxing Authority any tax or other liability.

2. Payment to Plaintiffs' Attorneys. In addition to the amounts to be paid directly to Plaintiffs on Exhibit A, Defendants shall pay Plaintiffs' Attorneys an aggregate of two hundred seventy nine thousand three hundred dollars ($279,300.00) as attorneys' fees and eighteen thousand two hundred one dollars and twenty-one cents ($18,201.21) for costs incurred.

3. Timing of Payments. The Payments to the Plaintiffs and Plaintiffs' Attorneys shall be made in the aggregate amount of $450,000.00 by installment as follows:

$300,000.00 within five days of the Effective Date

$50,000.00 within 365 days of the Effective Date

$50,000.00 within 730 days of the Effective Date

· $50,000.00 within 1,095 days of the Effective Date

4. Manner of Payments: Defendants will send all Payments set forth in Paragraph 3 to JEREMIAH J. TALBOTT, P.A. (the "Designated Payee") who shall distribute same to the "Opt-In" Plaintiffs and Plaintiffs' Attorneys as set forth herein. Designated Payee shall be solely responsible for allocation of the Payments to the "Opt-In" Plaintiffs and Plaintiffs' Attorneys. If any Payment is returned as undeliverable, the check is not cashed for four months, or if the Designated Payee is unable to locate a Plaintiff after three months, the amount due and owing to that Plaintiff shall be given to an IRS-approved nonprofit organization of Designated Payee's sole choosing.

5. Information Reporting Issues for Payments to Plaintiffs' Attorneys. The payments to to the Designated Payee shall be reported to the Taxing Authorities on a Form 1099 under the Designated Payee's federal taxpayer identification number. The Designated Payee shall be responsible for any reporting to Taxing Authorities of payments made to Plaintiffs or Plaintiffs" Attorneys.

6. No Representation Regarding Tax Consequences. Plaintiffs agree and acknowledge that no representations regarding the tax consequences, if any, of the consideration paid pursuant

2

to this Agreement were made by or on behalf of any Defendant. Plaintiffs also agree and acknowledge that they will be solely responsible for and will pay any and all federal, state, and local taxes which may be due by virtue of this Agreement. Plaintiffs release each Defendant from any and all claims related to federal, state, and local taxes, and agrees, on behalf of Named Plaintiff, all opt-in Plaintiffs, their heirs, their assigns and their successors, to indemnify, defend and hold harmless each Defendant in regard to all claims of any kind, for damages, costs, fines, assessments or other tax liabilities, related to federal, state or local taxes, which might be brought, including any attorney's fees, accounting fees and all related costs incurred by any Defendant in litigating or defending such claims.

7. Payments Discharge All Defendants' Obligations. The payments described above shall be in lieu of and discharge any obligations of Defendants for lost wages, overtime and liquidated damages due to Plaintiffs.

8. Non-Admission of Liability. This Agreement shall not in any way be construed as an admission by Defendants that they have acted wrongfully with respect to Plaintiffs collectively or individually or any other person, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against Plaintiffs or any other person, on the part of Defendants and/or each of their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and any and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit.

9. Authority to Release Plaintiffs' Claims.    Named Plaintiff hereby represents, acknowledges and warrants her authority to enter into this Settlement Agreement and Release, on her behalf and on behalf of all Plaintiffs and that she has the authority to release Defendants for any and all claims, under federal, state or local laws concerning the nonpayment or underpayment of wages or compensation including but not limited to minimum wage and/or overtime on her behalf and on behalf of all Plaintiffs.

10. Release and Covenant Not To Sue. As a material inducement to Defendants to enter into this Agreement, Named Plaintiff, on behalf of herself and all Plainitffs, hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendants and, each of their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, heirs, assigns, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit or any of them, from any charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred) of any nature, whether known or unknown for any claim that was or could have been asserted in the Lawsuit related to unpaid wages or compensation from their employment by or with the Defendants or any of them.

3

11. Order of Dismissal with Prejudice. Upon execution of this Settlement Agreement and Release, Attorneys for Plaintiffs and Defendants will present to the Court for signature and filing the Order of Dismissal with Prejudice in the form attached hereto as Attachment B.

12. Effective Date. For purposes of triggering the payments under Paragraphs 1 and 2 of this Agreement, the Effective Date shall be defined as the day after all of the following events occur: (a) Named Plaintiff, on behalf of herself and all Opt-in Plaintiffs executes this Agreement; (b) the Court approves the fairness and reasonableness of the settlement as to all Plaintiffs; and, (c) the Court enters the Order of Dismissal with Prejudice in a form not materially different from that attached hereto as Attachment B.

13. Effect of Default. In the event of a default by Defendants for failure to make a timely payment according the schedule set forth in Paragraph 4 of this Agreement, the Designated Payee shall issue written Notice stating that Defendants are in default and that Defendants must cure the default within five (5) days of the Notice. If the default is not cured within this five (5) day period, Defendants will be deemed to be in violation of this Agreement. Upon any such violation, each Defendant agrees to a confession of judgment for the full amount of the unpaid balance that is due and owing from Defendants to Plaintiffs as of the date of the default. Defendants waive service of process in connection with any action to obtain the confession of judgment as provided by this provision. In addition, Defendants agree to pay Plaintiffs' reasonable attorneys' fees and costs incurred in connection with obtaining a confession of judgment and collecting any such unpaid balance pursuant to this provision.

14. Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida and the Venue for all actions shall be in the Federal District Court in and for the Northern District of Florida..

15. Severability. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

16. No Waiver. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term and condition of this Agreement.

17. Acknowledgment of Advice to Consult Legal Counsel.    Named Plaintiff, individually and on behalf of all opt-in Plaintiffs, acknowledges that she has been advised to consult an attorney prior to signing this agreement. Named Plaintiff understands that whether or not she consults with an attorney is her decision.

18. Voluntary and Understanding Execution of this Agreement. This Agreement is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

4

19. Sole and Entire Agreement.   This Agreement sets forth the entire agreement regarding the subject matter hereof between the parties hereto and fully supersedes any and all prior oral or written agreements or understandings between the parties hereto pertaining to the subject matter hereof.  This Agreement may only be modified in writing.

20. Counterparts.  This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

Agreed to by Wanda Love, individually and on behalf of the opt-in Plaintiffs Collectively:

_Wanda Love_ Date: _10/27/10_

Wanda Love

Agreed to by Phillips Oil, Inc:

_____  Date: _____

[PRINT NAME]

Agreed to by Fill-Ups Food Stores, Inc:

_____  Date: _____

[PRINT NAME]

Agreed to by Fill-Ups Food Stores II, Inc:

_____  Date: _____

[PRINT NAME]
Agreed to by Fill-Ups Food Stores III, Inc:

_____  Date: _____

[PRINT NAME]

5

19. Sole and Entire Agreement.   This Agreement sets forth the entire agreement regarding the subject matter hereof between the parties hereto and fully supersedes any and all prior oral or written agreements or understandings between the parties hereto pertaining to the subject matter hereof.  This Agreement may only be modified in writing.

20. Counterparts.  This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

Agreed to by Wanda Love, individually and on behalf of the opt-in Plaintiffs Collectively:

_____   Date: _____

Wanda Love

Agreed to by Phillips Oil, Inc:

_____   Date: _____

[PRINT NAME]

Agreed to by Fill-Ups Food Stores, Inc:

_____   Date: _____

[PRINT NAME]

Agreed to by Fill-Ups Food Stores II, Inc:

_____   Date: _____

[PRINT NAME]
Agreed to by Fill-Ups Food Stores III, Inc:

_____   Date: 11-8-10

[PRINT NAME]   RUPERT E. PHILLIPS

5

Agreed to by Debora Phillips:

_____ Date: 11-4-10

[PRINT NAME]

DEBORA PHILLIPS

Agreed to by Ryan E. Phillips:

_____ Date: 11-8-10

[PRINT NAME] RYAN E, PHILLIPS

_____ Date: _____

6

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT and RELEASE ("Agreement") is made and entered into by WANDA LOVE ("Named Plaintiff") on behalf of herself and all Opt-in Plaintiffs to the Lawsuit (as defined below), more specifically identified as follows: Cindy Dickens, Delonda Charles, Shirley Clasby, Heather Daymon, Jennifer Jackson, Kristy Mohr, Vanessa Rassmussen, Alice Rocheblave, Sarah Smith, Northa Kay Steinbarger, Larry Carter, Beverly Bertsinger, Darrell Robinson, Diana Smith, Victor Duboise, James Johnson, Kenneth Scism, Loretta Knight, Nicole McDaniel, Cindy Moore, John Elswick, Mark Gentry, Marcia Lee, Kim Kerns, Rebecca Moyers, L. Taunton, Jennifer Taylor, Traci Schiller, Betty Boggs, William Kendrick, Tammy Price-Eichorn, Ciurtney Rogers, Tammy Rousseau, Jannifer Nixon, Melody Stringer, Carolyn Schneider, Shari Sellinger, Beverly-Luciano, Ranay Smith, Candice Scroggins, Mitzi Willingham, Gary Peden, Stephanie Hinote, Ruby Edenfield and Bille Joe Perkins (collectively "Plaintiffs"), on the one hand, and PHILLIPS OIL, INC., d/b/a FILLUPS FOOD STORES; FILL-UPS FOOD STORES, INC.; FILL-UPS FOOD STORES II, INC.; FILL-UPS FOOD STORES III, INC.; DEBORA PHILLIPS and RYAN E. PHILLIPS (collectively "Defendants"), on the other.

WHEREAS, on March 4, 2008 in a case styled *Love, et al. v. Phillips Oil, Inc., et al,* Civil Action No. 3:08CV92/MCR/MD, United States District Court for the Northern District of Florida, Named Plaintiff sued certain parties under the Fair Labor Standards Act of 1938, as amended ("FLSA"), for the alleged failure to pay certain wages. On May 7, 2008, Named Plaintiff filed an amended complaint in the above-captioned matter naming Defendants as set forth above (the "Lawsuit")

WHEREAS, following the Court's granting of conditional certification of a collective action, and the approval of notice in connection therewith, a total of forty-seven (47) individuals including the Named Plaintiff had valid opt-in consent forms on file with the Court;

WHEREAS, as of the date of this Agreement, Plaintiffs' Attorneys have incurred attorneys' fees and costs in the investigation, prosecution and settlement of the Lawsuit; and

WHEREAS, the parties desire to settle fully and finally all differences between them.

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Consideration to Plaintiffs. In connection with this Settlement, the Payments to be made by Defendants set forth in Paragraph 3 shall be allocated among the Plaintiffs based on the attached Exhibit A, which includes a $3,500.00 class representative fee to the named Plaintiff.

      (a)    Tax Treatment of Gross Payment Amounts. All payments will be issued and reported as 1099 payments, and shall be paid without deductions for applicable taxes and withholdings. It shall be each Plaintiffs' sole responsibility to pay any and all of their share of taxes owed as a result of such payments to the relevant authority ("Taxing

Authority") . In the event that it is subsequently determined by any Taxing Authority that any Plaintiff owes any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests exclusively with Plaintiffs and that Defendants will not be responsible for the payment of such taxes, including any interest and penalties.

(b)     Information Reporting Issues for Payments to Plaintiffs. If Defendants determine in good faith in the exercise of Defendants' sole business judgment that, with respect to any payment made under this Agreement, Defendants are required to file any information with any Taxing Authority, other than as described in Paragraphs 1(a) and 2, then Defendants may do so. It is understood and agreed between and among the parties, however, that Plaintiffs and Plaintiffs' Attorneys have no responsibility for or involvement in any such independent business judgment. Defendants also acknowledge that Plaintiffs and Plaintiffs' Attorneys maintain and reserve any right they may have to dispute with any Taxing Authority any tax or other liability.

2. Payment to Plaintiffs' Attorneys. In addition to the amounts to be paid directly to Plaintiffs on Exhibit A, Defendants shall pay Plaintiffs' Attorneys an aggregate of two hundred seventy nine thousand three hundred dollars ($279,300.00) as attorneys' fees and eighteen thousand two hundred one dollars and twenty-one cents ($18,201.21) for costs incurred.

3. Timing of Payments. The Payments to the Plaintiffs and Plaintiffs' Attorneys shall be made in the aggregate amount of $450,000.00 by installment as follows:

$300,000.00 within five days of the Effective Date

$50,000.00 within 365 days of the Effective Date

$50,000.00 within 730 days of the Effective Date

$50,000.00 within 1,095 days of the Effective Date

4. Manner of Payments: Defendants will send all Payments set forth in Paragraph 3 to JEREMIAH J. TALBOTT, P.A. (the "Designated Payee") who shall distribute same to the "Opt-In" Plaintiffs and Plaintiffs' Attorneys as set forth herein. Designated Payee shall be solely responsible for allocation of the Payments to the "Opt-In" Plaintiffs and Plaintiffs' Attorneys. If any Payment is returned as undeliverable, the check is not cashed for four months, or if the Designated Payee is unable to locate a Plaintiff after three months, the amount due and owing to that Plaintiff shall be given to an IRS-approved nonprofit organization of Designated Payee's sole choosing.

5. Information Reporting Issues for Payments to Plaintiffs' Attorneys. The payments to to the Designated Payee shall be reported to the Taxing Authorities on a Form 1099 under the Designated Payee's federal taxpayer identification number. The Designated Payee shall be responsible for any reporting to Taxing Authorities of payments made to Plaintiffs or Plaintiffs" Attorneys.

6. No Representation Regarding Tax Consequences. Plaintiffs agree and acknowledge that no representations regarding the tax consequences, if any, of the consideration paid pursuant

2

to this Agreement were made by or on behalf of any Defendant. Plaintiffs also agree and acknowledge that they will be solely responsible for and will pay any and all federal, state, and local taxes which may be due by virtue of this Agreement. Plaintiffs release each Defendant from any and all claims related to federal, state, and local taxes, and agrees, on behalf of Named Plaintiff, all opt-in Plaintiffs, their heirs, their assigns and their successors, to indemnify, defend and hold harmless each Defendant in regard to all claims of any kind, for damages, costs, fines, assessments or other tax liabilities, related to federal, state or local taxes, which might be brought, including any attorney's fees, accounting fees and all related costs incurred by any Defendant in litigating or defending such claims.

7. Payments Discharge All Defendants' Obligations. The payments described above shall be in lieu of and discharge any obligations of Defendants for lost wages, overtime and liquidated damages due to Plaintiffs.

8. Non-Admission of Liability. This Agreement shall not in any way be construed as an admission by Defendants that they have acted wrongfully with respect to Plaintiffs collectively or individually or any other person, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against Plaintiffs or any other person, on the part of Defendants and/or each of their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and any and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit.

9. Authority to Release Plaintiffs' Claims.   Named Plaintiff hereby represents, acknowledges and warrants her authority to enter into this Settlement Agreement and Release, on her behalf and on behalf of all Plaintiffs and that she has the authority to release Defendants for any and all claims, under federal, state or local laws concerning the nonpayment or underpayment of wages or compensation including but not limited to minimum wage and/or overtime on her behalf and on behalf of all Plaintiffs.

10. Release and Covenant Not To Sue. As a material inducement to Defendants to enter into this Agreement, Named Plaintiff, on behalf of herself and all Plaintiffs, hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendants and, each of their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, heirs, assigns, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit or any of them, from any charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred) of any nature, whether known or unknown for any claim that was or could have been asserted in the Lawsuit related to unpaid wages or compensation from their employment by or with the Defendants or any of them.

3

11. Order of Dismissal with Prejudice. Upon execution of this Settlement Agreement and Release, Attorneys for Plaintiffs and Defendants will present to the Court for signature and filing the Order of Dismissal with Prejudice in the form attached hereto as Attachment B.

12. Effective Date. For purposes of triggering the payments under Paragraphs 1 and 2 of this Agreement, the Effective Date shall be defined as the day after all of the following events occur: (a) Named Plaintiff, on behalf of herself and all Opt-in Plaintiffs executes this Agreement; (b) the Court approves the fairness and reasonableness of the settlement as to all Plaintiffs; and, (c) the Court enters the Order of Dismissal with Prejudice in a form not materially different from that attached hereto as Attachment B.

13. Effect of Default. In the event of a default by Defendants for failure to make a timely payment according the schedule set forth in Paragraph 4 of this Agreement, the Designated Payee shall issue written Notice stating that Defendants are in default and that Defendants must cure the default within five (5) days of the Notice. If the default is not cured within this five (5) day period, Defendants will be deemed to be in violation of this Agreement. Upon any such violation, each Defendant agrees to a confession of judgment for the full amount of the unpaid balance that is due and owing from Defendants to Plaintiffs as of the date of the default. Defendants waive service of process in connection with any action to obtain the confession of judgment as provided by this provision. In addition, Defendants agree to pay Plaintiffs' reasonable attorneys' fees and costs incurred in connection with obtaining a confession of judgment and collecting any such unpaid balance pursuant to this provision.

14. Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida and the Venue for all actions shall be in the Federal District Court in and for the Northern District of Florida..

15. Severability. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

16. No Waiver. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term and condition of this Agreement.

17. Acknowledgment of Advice to Consult Legal Counsel. Named Plaintiff, individually and on behalf of all opt-in Plaintiffs, acknowledges that she has been advised to consult an attorney prior to signing this agreement. Named Plaintiff understands that whether or not she consults with an attorney is her decision.

18. Voluntary and Understanding Execution of this Agreement. This Agreement is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

4

19. <u>Sole and Entire Agreement</u>.   This Agreement sets forth the entire agreement regarding the subject matter hereof between the parties hereto and fully supersedes any and all prior oral or written agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Agreement may only be modified in writing.

20. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

Agreed to by Wanda Love, individually and on behalf of the opt-in Plaintiffs Collectively:

_____ Date: _____

Wanda Love

Agreed to by Phillips Oil, Inc:

_____ Date: 10/27/10

[PRINT NAME] Gregy Harrod, President

Agreed to by Fill-Ups Food Stores, Inc:

_____ Date: 10/27/10

[PRINT NAME] Gregy Harrod, President

Agreed to by Fill-Ups Food Stores II, Inc:

_____ Date: 10/27/10

[PRINT NAME] Gregy Harrod, President
Agreed to by Fill-Ups Food Stores III, Inc:

_____ Date: _____

[PRINT NAME]

5